UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**JOANN ARCENEAUX**                                      **CIVIL ACTION**

**Versus**                                               **NO. 07-8741**

**EDWARD SCHAUMBERG and**                                **SECTION: B**
**STATE FARM INSURANCE COMPANY**

## ORDER AND REASONS

On April 15, 2002, Joann Arceneaux ("Plaintiff") acquired, through their agent Edward Schaumburg ("Schaumburg"), a homeowner's insurance policy from State Farm Insurance Company.[1] The policy limit was set at $88,205.[2] The plaintiff alleges that Schaumberg falsely represented that the policy covered hurricane damage.[3] Nonetheless, the policy contained a clause excluding coverage for flooding.[4] In the plaintiff's motion to remand, they

---

[1] Memorandum in Opposition to Plaintiff's Motion to Remand (hereinafter "Memorandum in Opposition"), pg. 2.

[2] Id. at pg. 3.

[3] Memorandum in Support of Plaintiff's Motion to Remand (hereinafter "Memorandum in Support"), pg. 4.

[4] Memorandum in Opposition, pg. 2.

1

allege that they never received a copy of the policy, but rather relied upon representations made by Schaumburg.[5] The policy was renewed every April by mail.[6]

On August 29, 2005, the plaintiff's home in the Parish of St. Bernard was totaled by Hurricane Katrina. The plaintiff contends that she did not know until August of 2006 that State Farm would not cover her damages.[7] Accordingly, the plaintiff brought action on August 28, 2007 in the 34th Judicial District Court for the Parish of St. Bernard against Schaumburg and State Farm Insurance.[8] The plaintiff claims that Schaumburg falsely represented that the policy covered hurricane damage and that the exclusion for flood damage is illegal under Louisiana law.[9] The defense filed to remove the case to the Eastern District of Louisiana on November 14, 2007.[10] In response, plaintiff filed a timely motion to remand.

***LAW AND ANALYSIS***

A.   IMPROPER JOINDER STANDARD

A civil action may be removed from state to federal court on

---

[5] Memorandum in Support, pg. 4.

[6] Memorandum in Opposition, pg. 2.

[7] Memorandum in Support, pg. 4.

[8] Petition for Damages and Statutory Penalties, pg. 1.

[9] Memorandum in Support, pg. 2.

[10] Notice of Removal to Federal Court, pg. 1.

the basis of diversity, under 28 U.S.C. § 1441(b), when "none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought."All of the diversity jurisdiction requirements contained in 28 U.S.C. § 1332 must be satisfied to remove on the basis of diversity. Smallwood v. Illinois Cent. R.R. Co., 385 F.3d 568, 572 (5th Cir. 2004). Removal based on diversity cannot be defeated by the presence of an improperly joined party. Id. at 573. In order to establish improper joinder, the removing party must demonstrate "either (1) actual fraud in the pleading of jurisdictional facts or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in State Court." McDonal v. Abbott Lab., 408 F.3d 177, 183 (5th Cir. 2005) (citing Travis v. Irby, 326 F.3d 644, 646-47 (5th Cir. 2003)). The test is "whether the defendant has demonstrated... that there is *no reasonable basis* for the District Court to predict that the plaintiff might be able to recover against an in-state defendant." Smallwood, 385 F.3d at 583 (emphasis added). Allegations made after removal, that were not contained in the original complaint, cannot be used to defeat removal. Dobson, et al v. Allstate Ins. Co., et al, No. 06-0252, 2006 WL 2078423, *8 (E.D. La. July, 21, 2006) (citing Pullman Co. v. Jenkins, 305 U.S. 534, 537 (1939)). Furthermore, "[a]ny ambiguities are construed against removal because the removal statute should be strictly constructed in favor of

remand." <u>Manguno v. Prudential Property Cas. Ins. Co.</u>, 276 F.3d 720, 723 (5th Cir. 2002) (citing <u>Acuna v. Brown & Root, Inc.</u>, 200 F.3d 335, 339 (5th Cir. 2000).

B.   EDWARD SCHAUMBURG WAS IMPROPERLY JOINED[11]

The in-state defendant, Edward Schaumburg, was improperly joined. Louisiana Revised Statute 9:5606 provides a one year prescriptive period and three year peremptive period for claims against insurance agents. The statute provides in relevant part:

> No action for damages against any insurance agent, broker, solicitor or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

---

[11] This Court recognizes here, as in other cases, that an action like this one can be maintained against an agent accused of fraudulent practices. However, the instant matter involves whether the action was timely filed under LRS 9:5606.

LA. REV. STAT. ANN. § 9:5606 (2006).

Furthermore, the party insured is responsible for reading their insurance policy and is presumed to know the provisions. Giardina v. Allstate Ins. Co., No. 06-6415, 2006 WL 3406743 (E.D. La. Nov. 22, 2006) (citing Stephens v. Audubon Ins. Co., 665 So.2d 683, 686 (La. App. 2nd Cir. 1995); see also Motors Ins. Co. v. Bud's Boat Rental, 917 F.2d 199, 205 (1st Cir. 1990). Generally, knowledge of policy terms that contradict statements made by the insurance agent is sufficient to begin the running of the prescriptive or peremptive period. Dobson, et al, 2006 WL 2078423, *9; see also Bens Bros., LLC v. Fidelity Nat. Prop. And Cas. Ins. Co., No. 06-5048, 2007 WL 3488205, *4 (E.D. La. Nov. 13, 2007). Renewals of an insurance policy do not normally restart the peremptive period. Biggers v. Allstate Ins. Co., 886 So.2d 1179, 1182 (La. App. 5th Cir. 2004); contrast Southern Athletic Club, LLC v. Hanover Ins. Co., et al, No. 06-2605, 2006 WL 2583406, *2-3 (E.D. La. Sep. 6, 2006) (insurance renewals sufficient to restart the peremptive period because each renewal was a separate and distinct act since the parties discussed increases in property value and adjusted the policy limits accordingly). Also, in Botnick v. Vigilant Ins. Co. the Eastern District of Louisiana ruled in favor of the plaintiff in a case where peremption was at issue, because it could not determine when the alleged conduct commencing the peremption period took

5

place. No 06-2595, 2006 WL 2947912, *7 (E.D. La. Oct. 13, 2006).

In this case, the plaintiff's memo in support of remand contends that they never received a copy of the policy, and thus never knew its contents.[12] Nonetheless, this assertion is absent from plaintiff's original complaint filed in the 34th Judicial District Court of Louisiana.[13] Accordingly, this allegation is not a factor in the present analysis. See Dobson, 2006 WL 2078423, *8 (citing Cavallini v. State Farm Auto Ins. Co., 44 F.3d 256, 263 (5th Cir. 1995) (affidavit cannot defeat removal if it supports a legal theory not alleged in state court complaint but in amended complaint offered after removal); Tedder v. F.M.C. Corp., 590 F.2d 115, 116 (5th Cir. 1979) ("Whether the case was properly removed is determined by reference to allegation in a plaintiff's state court pleading")).  The plaintiff's are presumed to have read and have knowledge of the contents of the policy, which was originally issued in April of 2002. See Giardina, 2006 WL 3406743, *4. As such, the peremptive period began to run in April of 2002, when plaintiff discovered, or should have discovered, that the alleged misrepresentation by the insurance agent contradicted the terms of the policy. See Dobson, 2006 WL 2078423, *9; contrast Botnick, 2006 WL 2947912, *7 (the court could not determine when the peremption period began to

---

[12] Memorandum in Support, pg. 4.

[13] Petition for Damages and Statutory Penalties.

run). In this case, the plaintiff waited until August 28, 2007 to file suit, which was beyond both the one year prescription period and the three year peremption period. See LA. REV. STAT. ANN. § 9:5606 (2006).

In response, the plaintiff contends that their suit is timely because a new peremption period began every time the insurance policy was renewed.[14] To support this claim, the plaintiff points to Southern Athletic Club, where the policy renewal restarted the peremptive period. 2006 WL 2583406, *3. Nonetheless, this analysis does not apply to the present controversy, because in Southern Athletic Club there were discussions, before each renewal, of changes in property value and the policy limits were adjusted accordingly. Id. Thus each renewal was "a separate and distinct act from the original purchase of the policy." Id. In this case, the policy was renewed every year by mail and did not involve negotiations or substantive changes; in other words, the renewal was not a "separate and distinct act." Id. [15] As such, the policy renewals did not begin a new peremptive period. See Biggers, 886 So.2d at 1182.

In sum, Edward Schaumburg was improperly joined because

---

[14] Memorandum in Support, pg. 13.

[15] Nothing in the plaintiff's *original complaint* or *memorandum in support of remand* supports a theory that each renewal constituted a "separate and distinct act."

7

"there is no reasonable basis [for this Court] to predict that the plaintiff might be able to recover against [the] in-state defendant." See <u>Smallwood</u>, 385 F.3d at 583 – here, only due to application of the peremptive period as noted above. Removal, based on diversity, cannot be denied because of the presence of a non-diverse defendant who is improperly joined. <u>Id.</u> In this case, complete diversity exists because the plaintiff is from Louisiana and the properly joined defendant, State Farm Insurance, is domiciled in Illinois.[16] Furthermore, the policy limit, which is being sued for, is $88,205.[17] Accordingly, the requirements of 28 U.S.C. § 1332 are met and thus the case was properly removed under 28 U.S.C. § 1441(b).

For the aforementioned reasons,

> **IT IS ORDERED** that the plaintiffs' Motion to Remand is **DENIED.**
>
> New Orleans, Louisiana, this 5th day of June, 2008.

                                                                    *[signature]*
                                                IVAN L.R. LEMELLE
                                                UNITED STATES DISTRICT JUDGE

---

[16] Petition for Damages and Statutory Penalties, pg. 1.

[17] Memorandum in Opposition, pg. 3.